## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

LINDA MUSSEY, ADMINISTRATOR )
OF THE ESTATE OF EDWARD MUSSEY, )
            )
            Plaintiff )
            )      *C-04-104-B*
v. )
            )
SUN LIFE ASSURANCE COMPANY OF )
CANADA, A/K/A LIFE INSURANCE )
COMPANY OF NORTH AMERICA )
            )
            Defendant )

### NOTICE OF REMOVAL

To:     The Judges of the United States District Court for the District of New Hampshire

        Pursuant to 28 U.S.C. §§ 1441(a) <u>et seq</u>., the Defendant in this action hereby requests

removal of a civil action commenced in the Superior Court of New Hampshire, Merrimack

County, styled *Linda Mussey, Administrator of the Estate of Edward Mussey v. Sun Life*

*Assurance Co. of Canada a/k/a Life Insurance Co. of North America*, Docket No. 04-E-0054.  In

support of removal, Defendant respectfully states:

        1.      Plaintiff commenced this action by filing in Superior Court a Petition for

Declaratory Judgment.   Plaintiff alleges claims for failure to pay benefits pursuant to an

accidental death insurance policy, established by plaintiff's employer and administered by Sun

Life Assurance Co. of Canada ("Sun Life") (incorrectly referred to by plaintiff as Sun Life

Assurance Co. of Canada a/k/a Life Insurance Company of North America).  *See* Petition at ¶ 3.

A copy of all process, pleadings and other orders served upon Defendant is attached hereto as

Exhibit A.

{W0215440.1}

2.     The Defendant received the Petition no sooner than February 23, 2004.

3.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 29 U.S.C. § 1132(e) and 28 U.S.C. § 1332(a), and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4.     This is a civil action arising under the laws of the United States.  The plan under which Plaintiff claims benefits is an accidental death insurance plan established by Plaintiff's employer for the benefit of its employees.  Plaintiff's Petition specifically states that Edward Mussey obtained the policy "through his employer."  *See* Petition at ¶ 3.  As such, it is an "employee welfare benefit plan" for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. A proper action to recover benefits due under the plan can be brought only pursuant to 29 U.S.C. § 1132(a)(1)(B).

5.     As the following facts demonstrate, this is also a civil action arising between citizens of different states and in which the matter in controversy as against the Defendant exceeds the sum of $75,000, exclusive of costs and interest:

(a)     When this action was commenced and on the date hereof, Plaintiff was a citizen of the State of New Hampshire.  *See* Petition;

(b)     When this action was commenced and on the date hereof, Sun Life was and is a Canadian corporation with a principal place of business in Massachusetts;

(c)     Therefore, this action involves a controversy between citizens of different states. There is complete diversity of citizenship.

(d)     The Petition for Declaratory Judgment pertains to a claim for benefits pursuant to an accidental death insurance policy.  The policy provides for benefits in the amount of

$100,000.00. Plaintiff claims that she is entitled to benefits under the policy. The Declaratory Judgment Petition demands a declaratory judgment that plaintiff is entitled to benefits up to the policy limits, and issuance of attorney's fees. *See* Petition. If plaintiff were to recover the amounts to which she claims entitlement, Plaintiff's recovery against the Defendants would exceed $75,000. Thus, the amount in controversy as between Plaintiff and Defendant exceeds $75,000, exclusive of costs and interest.

6.  Defendant desires to remove this action to this Court.

7.  Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days after the receipt by any Defendant, through service or otherwise, of the initial pleading setting forth the claims for relief.

8.  Pursuant to 28 U.S.C. § 1446(D), Defendant is this day filing a copy of the Notice of Removal with the Superior Court, Merrimack County, and sending copies of the Notice to all counsel.

9.  Pursuant to the United States District Court for the District of New Hampshire Local Rule 81.1(a), Defendant will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, Defendant respectfully requests that the above-captioned action be removed from the Superior Court, Merrimack County, to this Court.

Dated: 3/19/04

By: J. Decker
N.H. Bar No. 9300

Pierce Atwood
One Monument Square
Portland, ME  04101
(207) 791-1100

Attorneys for Defendant
Sun Life Assurance Co. of Canada

3

## CERTIFICATE OF SERVICE

I hereby certify that true copies of Notice of Removal, Notice of Filing Notice of Removal, Notice of Appearance, Civil Cover Sheet and Corporate Disclosure Statements were served, via U.S. first-class mail upon counsel for Plaintiff:

Christopher J. Seufert, Esquire
59 Central Street
Franklin, New Hampshire  03235

Dated:  3/19/04

_____
Brian J. Decker

4