Date Completed: **04/22/2002**

Rider #: 17

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## Rider To Contract

In consideration of the premium charged for this policy, it is herby understood and agreed that:

1.  The address of the Policyholder is amended to read:

     815 Chestnut Street
     North Andover, MA   01845

Except for the above, this rider does not change the policy in any way.

| | | |
|---|---|---|
| Effective Date   **04/22/2002** | at the hour specified in the policy | Part of the Policy No.   **OK 003464** |
| Issued to   **Watt Industries Inc.** | | |

| | |
|---|---|
| Broker Name    **Marsh** | **048045** |

_____
**Authorized Agent**
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

*Michael W. Bell, President*
Michael W. Bell, President

Completed by: **KRG**

Date Completed: **03-20-1998**

Rider #: 16

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## *Rider To Contract*

In consideration of the premium charged for this policy it is hereby understood and agreed that the policy is amended as follows effective January 1, 1997:

1. **Employee eligibility is changed to read as follows:**
   All Active Full-time U.S. and Canadian employees and eligible Canadian union employees of participating Watts Industries companies.

Except for the above, this rider does not change the policy in any way.

| Effective Date **01-01-1997** | at the hour specified in the policy | Part of the Policy No. **OK 3464** |
|---|---|---|

Issued to **Watts Industries, Inc.**

Broker Name

**Seabury & Smith  048045**

Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

**JOHN K. LEONARD, PRESIDENT**

Completed by: **JG**

1

Date Completed: **10/07/1997**                                        Rider #: 15

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## *Rider To Contract*

In consideration of the premium charged for this policy it is hereby
understood and agreed that the policy is amended as follows:

1.  The Special Education Benefit described on Rider #12 is hereby deleted
    and replaced with the attached Amendatory Rider, form LM-9L70.

2.  The Spouse Training Benefit described on Rider #12 is hereby deleted
    and replaced with the attached Amendatory Rider, form TL-000786.

3.  The Child Care Center Benefit described on Rider #12 is hereby deleted
    and replaced with the attached Amendatory Rider, form TL-003900.

Except for the above, this rider does not change the policy in any way.

| | | |
|---|---|---|
| **Effective Date**   01/01/1996 | at the hour specified in the policy | Part of the Policy No.  OK 3464 |

Issued to **Watts Industries Inc.**

Broker Name
**Seabury & Smith**                          048045

Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

JOHN K. LEONARD, PRESIDENT

Completed by: PAG

2

# LIFE INSURANCE COMPANY OF NORTH AMERICA

### AMENDATORY RIDER

This rider amends the policy or certificate to which it is attached. It takes effect and expires at the same time as the policy or certificate.

In return for the premium the following benefit is added:

### SPECIAL EDUCATION BENEFIT

We will pay a "special education benefit" if the Insured:
- a)    is covered under the Family Plan; and
- b)    dies as the result of a covered accident; and
- c)    is survived by a dependent child who:

    (1)    on the date of accident, was enrolled as a full-time student in any school beyond the 12th grade level; or
    (2)    was at the 12th grade level and later enrolls as a full-time student at a school of higher learning within 365 days after the accident.

The "special education benefit" is payable for each child who qualifies:
- a)    in an amount equal to 5% of the Insured's Principal Sum, but not more than $5,000;
- b)    once a year for not more than four straight years;
- c)    only while the child continues as a full-time student at a school of higher learning;
- d)    in addition to all other policy benefits.

If, at the time of accident, Family Plan coverage is in force but there is no dependent child who qualifies, we will pay an additional benefit of $1,000 to the Insured's designated beneficiary.

No other policy provision or condition is changed in any way by this rider.

LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

LM-9L70                                                                                    12/87  3

# LIFE INSURANCE COMPANY OF NORTH AMERICA

### AMENDATORY RIDER

This rider amends the policy or certificate to which it is attached.  It takes effect and ends at the same time as the policy or certificate.

The following benefit is added:

### SPOUSE TRAINING BENEFIT

We will pay this benefit if the Insured:
- a) has elected dependent spouse coverage prior to time of accident; and
- b) dies within one year of, and as a result of, a covered accident; and
- c) is survived by a dependent spouse.

The benefit will be payable for the Insured's surviving spouse who:
- a) enrolls within one year after the Insured's death in any accredited school for the purpose of retraining or refreshing skills needed for employment; and
- b) incurs expenses payable directly to, or approved and certified by such school.

We will pay the cost of such incurred expense for not more than:
- a) three years after the first retraining/refresher course begins; or
- b) $3,000
  whichever is less.

Payment will be in addition to all other policy benefits.

Except for the above, this rider does not change the policy or certificate in any way.

LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

# LIFE INSURANCE COMPANY OF NORTH AMERICA

### AMENDATORY RIDER

This rider amends the policy or certificate to which it is attached.  It takes effect on the date shown above and ends at the same time as the policy or certificate.

In return for the premium, the following benefit is added:

### CHILD CARE CENTER BENEFIT

We will pay this benefit if the Insured Employee or Insured Spouse:

a)  has elected coverage for his dependent children; and
b)  dies as the result of a covered accident; and
c)  is survived by a dependent child who:
1)  on the date of the covered accident was enrolled in a legally licensed Child Care Center; or
2)  is enrolled in a legally licensed Child Care Center within 365 continuous days from the date of the accidental death; and
3)  is under 13 years of age.

The Child Care Center Benefits is payable for each child who qualifies:
a)  in an amount up to 5% of the Insured Employee's Principal Sum, but not more than $5,000 per year; and
b)  only while the dependent child continues to be enrolled in a legally licensed Child Care Center.

We will pay this benefit once a year for not more than 5 years, or until the dependent child enters the first grade, whichever happens first.

This benefit will be payable to the surviving spouse, if the spouse has custody of the child.  If there is no surviving spouse, or the child does not live with the spouse, then the benefit will be paid to the child's legally appointed guardian.

"Child Care Center" means a facility which:
a)  is licensed, run according to law, including laws and regulations applicable to child care facilities; and
b)  provides care and supervision for children in a group setting, on a regular, daily basis.

A Child Care Center does not include:  a)  a hospital; or b)  the child's home; or c)  care provided during normal school hours while a child is attending grades one through twelve.

At the end of each twelve-month period following the Insured's death, we will reimburse the claimant.  Bills must be submitted to us at the end of the twelve-month period.  A twelve-month period starts:
a)  when the dependent child enters a Child Care Center for the first time after the Insured's death; or
b)  on the first of the month following the Insured's death, if the dependent child was enrolled in a Child Care Center before the Insured's death.

Except for the above, this rider does not change the policy in any way.

### LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

**5**

Date Completed: 08/27/96                                          Rider #: 14

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## Rider To Contract

In consideration of the premium charged for this policy it is hereby
understood and agreed that the policy is amended as follows:

(1)   The Applicable Principal Sum Amount for Class I has been increased to the
      following:

      Minimum $10,000; Maximum $500,000* in multiples of $10,000.

      *Amounts over $150,000 may not exceed ten (10) times annual earnings

Except for the above, this rider does not change the policy in any way.

| | |
|---|---|
| **Effective Date** September 1, 1996  at the hour specified in the policy | **Part of the Policy No.**  OK 3464 |
| **Issued to** Watts Industries Inc. | |
| **Broker Name**<br>Seabury & Smith                048045 | |

*Darren E. Doherty*

Seabury & Smith, Inc.

**Authorized Agent**
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

JOHN K. LEONARD, PRESIDENT

Completed by: PAG

6

Date Completed: 08/09/96                                     Rider #: 13

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## Rider To Contract

In consideration of the premium charged for this policy it is hereby understood and agreed that the policy is amended as follows:

(1)  The name of the Policyholder is amended to read:

> WATTS INDUSTRIES INC.

(2)  The following is an updated list of subsidiaries:

> Ancon, Canada
> Ancon, USA
> Enpoco Canada LTD
> Hale Oilfield Products Company
> James Jones Company
> KF Industries, Inc.
> KF Sales
> Leslie Controls, Inc.
> Rudolph LaBranche, Inc.
> Spence Engineering Company, Inc.
> Watts Industries (Canada) Inc.
> Watts Regulator Company
> Watts Regulator of Canada, Ltd.

(3)  Coverage for an insured dependent child may be continued beyond attainment of the age limit if such child is and continues to be dependent upon the employee due to mental retardation or physical handicap.  Proof of such incapacity must be received by the insurance company within 31 days of the age limit.

(4)  Conversion Privilege, form LG-6155, is hereby deleted and replaced by form LM-9L78a (attached hereto).

Except for the above, this rider does not change the policy in any way.

| | | |
|---|---|---|
| **Effective Date**  January 1, 1996 | at the hour specified in the policy | **Part of the Policy No.**  OK 3464 |

Issued to  Watts Industries Inc.

Broker Name
Seabury & Smith                           048045

_Darwin E. Laberty_

**Seabury & Smith, Inc.**
_____
Authorized Agent
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President
**JOHN K. LEONARD, PRESIDENT**

Completed by: PAG                                          UUC  7.

## LIFE INSURANCE COMPANY OF NORTH AMERICA

This rider amends the policy or certificate to which it is attached and ends at the same time. The following provision is added.

### CONVERSION PRIVILEGE

We will issue a converted policy to you (the insured) if the accidental death insurance under the policy or certificate ends for any of the following reasons:

    a)    employment or membership ends; or
    b)    eligibility ends (except for age); or
    c)    the group or blanket policy or plan ends.

**Age:** You must be under age 70 to get a converted policy.

**Health:** We will not ask for your proof of insurability.

**Application:** To get a converted policy, you must: (1) apply within 31 days after group coverage ends; and (2) pay the first premium. If you have assigned ownership of your group coverage, the owner must apply for you.

**Cost:** Your premium will be based on: (1) the class of risk to which you belong; (2) your age; and (3) the form and amount of coverage issued.

**Effective Date:** Your converted policy will take effect on: (1) the date group coverage ends; or, if later, (2) the date you apply for the converted policy.

**Benefits:** The converted policy will cover accidental death and dismemberment. The amount you apply for must be: (1) in $1,000 increments; and (2) not less than $25,000 nor more than the amount of your group insurance if greater than $25,000; and not more than $250,000.00.

**Exclusions:** The converted policy may exclude the hazards or conditions that apply to your group coverage at the time it ends. We will reduce payment under the converted policy by the amount of any benefits paid under the group policy if both cover the same loss.

**Dependents:** Dependents may also convert group coverage when they cease to be eligible for any reason except age.

**Renewability:** The converted policy may provide that it can be renewed on any anniversary with the consent of the Company subject to a maximum age limit.

**Prior Converted Policy:** If you convert your group coverage and later again be insured under the same group plan, you may not convert a second time unless: (1) you give us, at your expense, proof of your insurability; or (2) the prior converted policy is no longer in force.

**State Laws:** If the converted policy we provide in the state where the group policy was issued cannot lawfully be provided in the state where you reside at time of conversion, you may choose a form that is available for conversion in your state.

No other policy provision or condition is changed in any other way by this rider.

                  **LIFE INSURANCE COMPANY OF NORTH AMERICA**

JOHN K. LEONARD, President



Date Completed: **06/21/96**

Rider #: **12**

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## Rider To Contract

In consideration of the premium charged for this policy, it is hereby understood and agreed that:

(1) Description of Eligible Persons is amended to read as follows:

All full-time active employees of the Policyholder and their eligible dependents, excluding collective bargaining employees. An eligible dependent is the spouse (under age 70) of the Insured employee and any unmarried dependent children of the Insured Employee from birth to age 23 years; 25 if enrolled as a full-time student in an accredited college or university.

A child in considered dependent if the Insured Employee or Spouse has the primary financial responsibility of such child. Stepchildren, foster children and legally adopted children are included in the definition of a dependent. A person cannot be insured as both an employee and a dependent.

(2) The Applicable Principal Sum Amounts have been increased to the following:

Class I: Minimum $10,000; Maximum $300,000* in multiples of $10,000.

Class II: 50% of Class I Benefit if children insured, other-wise 60% of Class I Benefit.

Class III: 15% of Class I Benefit unless no spouse insured then 20% of Class I Benefit

*Amounts over $150,000 may not exceed ten (10) times annual earnings

Except for the above, this rider does not change the policy in any way.

| Effective Date | **January 1, 1996** | at the hour specified in the policy | Part of the Policy No. **OK 3464** |
|---|---|---|---|

Issued to **Watts Industries Incorporated**

Broker Name
**Seabury & Smith**

048045

*Darwin Eleberley*

**Seabury & Smith, Inc.**

Authorized Agent
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

Completed by: CAC

9

Date Completed: 06/21/96                                    Rider #: 12

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## Rider To Contract

### (Continued)

(3)   Seat Belt Benefit is added to coverage under this policy:

If an Insured loses his or her life as a covered result of a covered accident which occurs while riding as a passenger, or driving a private passenger car, the insurance company will pay an additional benefit up to 10% of the Insured Person's benefit amount, to a maximum of $10,000. The benefit will be paid provided that:

(1)   The car is equipped with seatbelts; and

(2)   The seat belt was in actual use and properly fastened at the time of the accident; and

(3)   The position of the seat belt is certified in the official report of accident; or by the investigating officer.

A "private passenger" car is a valid registered four-wheel drive private passenger car (including one owned by the Policyholder) station wagon, jeep, pickup truck, van-type car that is NOT being used for commercial purposes.

(4)   Common Disaster Benefit is added as follows:

If both the Employee and spouse die as a result of injuries from the same accident within 365 days of the accident, the Principal Sum payable for loss of life of the spouse will be increased to equal that payable for the loss of life the employee.

---

Except for the above, this rider does not change the policy in any way.

| Effective Date | January 1, 1996 | at the hour specified in the policy | Part of the Policy No. OK 3464 |

Issued to **Watts Industries Incorporated**

Broker Name
**Seabury & Smith**

048045

*Darwin L. Schurley*
**Seabury & Smith, Inc.**
**Authorized Agent**
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

---

Completed by: CAC

10

Date Completed: 06/21/96

Rider #: 12

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## Rider To Contract

### (Continued)

(5)   **Extension of Family Coverage** is hereby added as follows:

If the employee suffers an accidental loss of life covered under this policy, coverage for the surviving family will remain in effect for a period of 90 days from the date of the last premium payment at no cost to the surviving dependents.

(6)   **Spouse Training Benefit** is added to coverage as follows:

We will pay this benefit if the Insured:

(a) is covered under the Family Plan; and
(b) dies as the result of a covered accident; and
(c) is survived by a spouse who:

    1) enrolls within one year after the insured's death in any accredited school for the purpose of retaining or refreshing skills needed for employment; and
    2) incurs expenses payable directly to, or approved and certified by, such school.

We will pay the cost of such incurred expense for not more than:

(a) 36 months after enrollment begins;
(b) $3,000.

If, at the time of accident, Family Plan coverage is in force but there is no spouse who is or could become eligible for this benefit, we will pay an additional benefit of $1,000 to the Insured's designated beneficiary.

Except for the above, this rider does not change the policy in any way.

| | | |
|---|---|---|
| Effective Date   **January 1, 1996**   at the hour specified in the policy | | Part of the Policy No.   **OK 3464** |
| Issued to   **Watts Industries Incorporated** | | |
| Broker Name<br>**Seabury & Smith** | | **848045** |

*Seabury & Smith*
**Authorized Agent**
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President
**JOHN K. LEONARD, PRESIDENT**

Completed by: **CAC**

11

Date Completed: 06/21/96

Rider #: 12

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## Rider To Contract

### (Continued)

(7)  **Child Care Center Benefit is added to coverage as follows:**

We will pay this benefit if the Insured Employee or Insured Spouse:

a) has elected coverage for his dependent children; and
b) dies as a result of a covered accident; and
c) is survived by a dependent child who:

    1) on the date of the covered accident was enrolled in a legally licensed Child Care Center; or
    2) is enrolled in a legally licensed Child Care Center within 365 continuous days from the date of the accidental death; and
    3) is under 13 years of age.

The Child Care Center Benefit is payable for each child who qualifies:

a) in an amount up to 5% of the Insured Employee's Principal Sum, but not more than $5,000 per year; and
b) only while the dependent child continues to be enrolled in a legally licensed Child Care Center.

We will pay this benefit once a year for not more than five years, or until the dependent child enters the first grade, whichever happens first.

If, at the time of the accident, coverage for a dependent child is in force, but there is no dependent child who qualifies, we will pay an additional benefit of $1,500 to the Insured's designated beneficiary.

Except for the above, this rider does not change the policy in any way.

| | | |
|---|---|---|
| **Effective Date** January 1, 1996     at the hour specified in the policy | **Part of the Policy No.** OK 3464 | |
| **Issued to** Watts Industries Incorporated | | |
| **Broker Name**    Seabury & Smith | | 048045 |

_(signature)_
Seabury & Smith, Inc.
**Authorized Agent**
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

_(signature)_
John K. Leonard, President

Completed by: CAC

**12**

Date Completed: **06/21/96**                                                    Rider #: **12**

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## *Rider To Contract*

### (Continued)

This benefit will be payable to the surviving spouse, if the spouse has custody of the child.  If there is no surviving spouse, or the child does does not live with the spouse, then the benefit will be paid to the child' legally appointed guardian.

"Child Care Center" means a facility which:

a) is run according to law, including laws and regulations applicable to child care facilities; and
b) provides care and supervision for children in a group setting, on a regular, daily basis.

A Child Care Center does not include: a) a hospital; or b) the child's home; or c) care provided during normal school hours while a child is attending grades one through twelve.

At the end of each twelve-month period following the Insured's death, we will reimburse the claimant.  Bills must be submitted to us at the end of the twelve-month period.  A twelve-month period starts:

a) when the dependent child enters a Child Care Center for the first time after the Insured's death; or
b) on the first of the month following the Insured's death, if the dependent child was enrolled in a Child Care Center before the Insured's death.

Except for the above, this rider does not change the policy in any way.

| | | |
|---|---|---|
| **Effective Date**  **January 1, 1996**  at the hour specified in the policy | Part of the Policy No.  **OK 3464** | |
| Issued to  **Watts Industries Incorporated** | | |
| Broker Name  **Seabury & Smith** | | **048045** |

Seabury & Smith, Inc.
**Authorized Agent**
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

Completed by: **CAC**

**13**

Date Completed: **06/21/96**                                    Rider #: 12

## LIFE INSURANCE COMPANY OF NORTH AMERICA

### Rider To Contract

#### (Continued)

(8)   **SPECIAL EDUCATION BENEFIT** is added to coverage as follows:

We will pay a "special education benefit" if the Insured:

a) is covered under the Family Plan; and
b) dies as the result of a covered accident; and
c) is survived by a dependent child who:

  1) on the date of accident, was enrolled as a full-time student in any school beyond the 12th grade level; or
  2) was at the 12th grade level and later enrolls as a full-time student at a school of higher learning within 365 days after the accident.

The "special education benefit" is payable for each child who qualifies:

a) in an amount equal to 5% of the Insured's Principal Sum, but not more than $5,000.;
b) once a year for not more than four straight years;
c) only while the child continues as a full-time student at a school of higher learning;
d) in addition to all other policy benefits.

If, at the time of accident, Family Plan coverage is in force but there is no dependent child who qualifies, we will pay an additional benefit of $1,000 to the Insured's designated beneficiary.

Except for the above, this rider does not change the policy in any way.

| | | |
|---|---|---|
| **Effective Date**  **January 1, 1996**  at the hour specified in the policy | Part of the Policy No. **OK 3464** | |
| Issued to **Watts Industries Incorporated** | | |
| Broker Name  **Seabury & Smith** | **048045** | |

*Darwin L. Schanley*
Seabury & Smith, Inc.
**Authorized Agent**
Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

John K. Leonard, President

Completed by: **CAC**

**14**

*Voluntary A.D. & D. Plan*

## APPLICATION TO

### LIFE INSURANCE   MPANY OF NORTH AMERICA

| | |
|---|---|
| **Policy Number** | OK  3464 |

plication is hereby made for a policy of insurance on form  *LG-4219*   based on ·
the following statements and representations.

| | |
|---|---|
| **Service Office** | Boston – 524 |

Name of Organization? *Watts Regulator Company*

Address?   *Lawrence, Massachusetts*

| | |
|---|---|
| **Agent or Broker** | *Marsh & McLennan,* |

Type e of Business or Organization? *Manufacturer of automatic temperature and pressure regulating safety devices and controls.*

2. Persons eligible to become insured under this policy shall be all those described below, for whom written application is made, including any who become eligible during the term of the policy. With respect to applications received on or before the policy effective date, individual insurance begins on the policy effective date.

After the policy effective date, newly eligible persons may apply within 31 days after they become eligible, and individual insurance will become effective on the first day of the month next following the date the application is received. Eligible persons who do not apply either during the initial enrollment period or within 31 days after becoming eligible may thereafter apply, but individual insurance shall not become effective until the first day of the month next following the date the application is approved by the Company after submission of satisfactory evidence of insurability.

If the eligible person for whom written application is made is not regularly performing the duties of his occupation on the effective date of insurance as described in the preceding paragraphs, then the effective date of insurance with respect to such person shall be the first day of the month following the date of return to the regular performance of his duties.

Eligibility shall cease automatically (i) upon attainment of age 70, or (ii) upon entry on full-time active duty for more than 30 days service in the Armed Forces of any country or international authority, or (iii) on the date the person ceases to meet the eligibility requirements described below. If the insured is the dependent of an eligible employee (or the dependent of an eligible member) also insured hereunder, the dependent's eligibility shall cease automatically and concurrently with the eligibility of the employee (or member).

Coverage for any Insured who ceases to be an eligible person for any reason shall terminate on the premium due date next following the date such eligibility ceases.

| Class | Description of Eligible Persons | Number of Eligible Persons |
|---|---|---|
| I | *All full time active non-union employees under age 70* | 850 |
| II | *Spouse (under age 70) of a Class I Person* | 600 |
| III | *Unmarried dependent children of a Class I or II Person who are between 30 days or 20 years, or 23 years if enrolled as a full time student in an accredited college or university.* | 1200 |

3. Applicable coverage and amount of Principal Sum per person (amount of Principal Sum must be in multiples of $5,000 and not less than $10,000).

| Class | Applicable Coverage | Applicable Principal Sum |
|---|---|---|
| I | *Accidental Death & Dismemberment and Permanent Total Disability* | *Minimum $10,000 - Maximum $150,000 in multiples of $10,000.* |
| II | *Accidental Death & Dismemberment* | *40% of Class I Benefit if children are insured, otherwise 50% of Class I Benefit.* |
| III | *Accidental Death & Dismemberment* | *10% of Class I Benefit unless no spouse insured then 15% of Class I Bene* |

4. The aggregate limit of liability per. *accident* .... shall be $.1,000,000......

The Company shall not be liable for any amount in excess of the aggregate limit stated above.
If the aggregate amount of all indemnities otherwise payable by reason of coverage provided under the policy exceeds

**15**



LIFE INSURANCE COMPANY
OF NORTH AMERICA

**ACCIDENT POLICY**

| REGISTER | INDEX | WRITER APPROVAL | RENEW. OR IN LIEU OF | S.   OFFICE | AGENCY NO. |
|---|---|---|---|---|---|
| | | | New | 524-Boston | 120639 |

| EXP. CODE | COMPANY | MO. & YR. ENT-PK NO.-ENTRY NO. | INS. | TRANS. |
|---|---|---|---|---|
| 9 | 6 | | 1 | 0 |

FILE

LINE
69

**EFFECTIVE DATE:**   January 1, 1975

AGENT OR BROKER
Marsh & McLennan, Inc.
2500 Prudential Center
Boston, Mass.  02199

Name and Address
of Organization:

Watts Regulator Company
Lawrence, Mass.

Forms attached to and forming part of this policy on its date of issue are:

Form #        Description
LG-4229       Application
LG-4220       Provisions
LG-4235       Description of Coverage
LG-4271       Schedule of Insureds
LG-6155       Conversion Privilege
LG-5134-A     Rider #1

ATTACH COPY OF ALL FORMS ATTACHED TO AND FORMING PART OF POLICY.

AGENT OR BROKER COPY

16

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## RIDER #11

In consideration of the premium charged for this policy, it is hereby understood and agreed that:

(1) The following list of subsidiaries are covered under this policy:

> Watts Regulator Company
> Watts Regulator of Canada, Ltd.
> Spence Engineering Company, Inc.
> James Jones Company and Flippen Valve Company
> Watts/Muesco Valve Company and Hale Oilfield Products
> Taras Valve Company, Inc.
> KF Industries, Inc.
> Eagle Valve Company, Inc.
> Nicholson Steam Trap, Inc.
> Leslie Controls, Inc.

(2) With respect to Employees who are located outside the United States or Canada, and who are not citizens of the United States or Canada, indemnities payable hereunder shall be remitted to the beneficiary in such form and through such intermediaries as the Policyholder and the Company may agree upon.

The Policyholder agrees to indemnify and save harmless the Company from any claim for benefits under this policy with respect to indemnities remitted to the Policyholder for distribution to the beneficiary.

Except for the above, this rider does not change the policy in any way.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1990    at the hour specified in the policy. | | OK 34 64 |
| Issued to | | |
| Watts Industries, Incorporated | | |

524-Boston    048045   Marsh & McLennan Group Associates   CAC/eaj    1/24/90

*Darwin L. Schanley*

~~MARSH & McLENNAN GROUP ASSOCIATES~~
Authorized Agent

*Linda L. Murphy*

Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

GORDON L. MURPHY, President

LG-5134a        **17**

# LIFE INSURANCE COMPANY OF NORTH AMERICA

## RIDER #10

In consideration of the premium charged for this policy, it is hereby understood and agreed that:

(1) The Applicable Principal Sum Amounts have been increased to the following:

Class I: Minimum $10,000 — Maximum $300,000* in multiple of $10,000.

Class II: 50% of Class I Benefit if children insured, otherwise 60% of Class I Benefit.

Class III: 10% of Class I Benefit unless no spouse insured then 15% of Class I Benefit.

*Amounts over $150,000 may not exceed ten (10) times annual earnings.

(2) Maximum amount that can be converted to an individual policy is hereby increased to $150,000.

(3) Premium rates per $1,000 per month are amended to read as follows:

Employee only   $.045
Family plan     $.065

(4) Eligibility with respect to Employees covered by this policy is extended beyond age 70 with Coverage A, Accidental Death & Dismemberment at reduced amounts shown below and Coverage B Permanent Total Disability terminating at age 70:

| At Age | Accidental Death & Dismemberment Benefit will be reduced to: |
|---|---|
| 70 through 74 | 82.5% of your pre-age Benefit |
| 75 through 79 | 57.5% |
| 80 through 84 | 37.5%     Amount |
| 85 and older | 20% |

Except for the above, this rider does not change the policy in any way.

| Effective Date | | |
|---|---|---|
| April 1, 1989   at the hour specified in the policy. | | Part of Policy No. |
| | | OK 34 64 |
| Issued to | | |
| Watts Industries, Incorporated | | |

524-Boston   048045   Marsh & McLennan Group Associates   JST/eaj   12/7/89

_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

_Linda L. Murphy_

GORDON L. MURPHY, President

**18**

LG 5121a

INSURANCE COMPANY OF NORTH ( ...i A

## Rider #9

In consideration of the premium charged, it is hereby understood and agreed that the name of the Policyholder is amended to:

Watts Industries, Incorporated

---

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| **January 1, 1986** | at the hour specified in the policy. | **OK 34 64** |
| Issued to | | |
| Watts Industries, Incorporated | | |

524-Boston          048045          Marsh & McLenna Group Associates          MFS/pmg          3/28/.

Authorized Agent

'ot valid unless countersigned by a duly authorized agent of the
.IFE INSURANCE COMPANY OF NORTH AMERICA .

HARTZEL Z. LEBED, President

**19**



INSURANCE COMPANY OF NORTH AMERICA

## Rider # 8

In consideration of the premium charged for this policy, it is hereby understood and agreed that the following changes are amended to this policy effective February 1, 1984:

1.  Description of Eligibles for LG-4229 Class I employees is amended to read as follows:

    "All full-time active employees under age 70".

2.  Description of Coverage form LG-4235 is amended to include –
    Loss of speech and/or hearing – Loss means with regard to speech complete and irrecoverable loss of speech, and with regard to hearing irrecoverable loss of hearing which cannot be corrected by any hearing aid or device.

    Loss of Speech and Hearing. . . . . . .The Principal Sum
    Loss of speech or Hearing  . . . . . . One-half The Principal Sum

3.  ## SPECIAL EDUCATION BENEFIT

    If an insured who has elected Family Plan coverage suffers loss of life in a covered accident while the policy is in force as to such Insured, the Company will pay, in addition to all other benefits payable under the policy, a "special education benefit" equal to 2% of the Insured's Principal Sum amount (subject to a maximum amount of $2,500) on behalf of any dependent child who, on the date of accident, was enrolled as a full-time student in any institution of higher learning beyond the 12th grade level, or, was at the 12th grade level and subsequently enrolls as a full-time student in an institution of higher learning within 365 days following the date of accident.

    The "special education benefit" is payable annually for a maximum of four consecutive annual payments but only if the dependent child continues his education as a full-time student in an institution of higher learning.

    If, at the time of accident, Family Plan coverage is in force but there are no dependent children who qualify, the Company will pay an additional benefit of $1,000 to the designated beneficiary.

---

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| 2/1/84 | at the hour specified in the policy. | OK 34 64 |
| Issued to Watts Regulator Company | | |

| | | | |
|---|---|---|---|
| 524-Boston | 048045 | Marsh & McLennan Group Associates | JST?cac; 4/10/84 |

---

Authorized Agent

ot valid unless countersigned by a duly authorized agent of the
IFE INSURANCE COMPANY OF NORTH AMERICA

THOMAS F. GAFFNEY, President

20



## INSURANCE COMPANY OF NORTH AMERICA

### Rider # 8          (Continued)

4. The Applicable Principal Sum Amounts have been increased to the following:

Class I:

Class II:

Class III:

Minimum $10,000 - Maximum $250,000* in multiples of $10,000.
50% of Class I Benefit if children insured, otherwise 60% of Class I Benefit.
10% of Class I Benefit unless no spouse insured then 15% of Class I Benefit.

*Amounts over $150,000 may not exceed ten (10) times annual earnings.

5. The aggregate limit of liability is increased to $2,000,000 per accident.

6. Monthly rates are amended as follows:

Employee Only          $.55 per $10,000.
Family Plan            $.76 per $10,000.

---

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| 2/1/84 | at the hour specified in the policy. | |
| Issued to | | OK 34 64 |
| Watts Regulator Company | | |

524-Boston          048045          Marsh & McLennan Group Assoc.          JST/cac; 4/10/84

**21**

Authorized Agent

Not valid unless countersigned by a duly authorized agent of the

THOMAS F. GAFFNEY



INSURANCE COMPANY OF NORTH AMERICA

## Rider # 7

In consideration of the premium charged, it is hereby understood and agreed that Watts Fluid Power, Incorporated is deleted from coverage under this policy, effective March 17, 1978.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | | Part of Policy No. |
|---|---|---|---|
| Issued to | March 17, 1978 | at the hour specified in the policy. | OK 34 64 |
| | Watts Regulator Company | | |

524-Boston      120639      Marsh & McLennan, Inc.          JY/mbh;   4/12/78

**Authorized Agent**

Not valid unless countersigned by a duly authorized agent of the

22

*Donald S. Firth*



**INSURANCE COMPANY OF NORTH AMERICA**

𝐵

### Rider #6

In consideration of the premium charged, it is hereby understood and
agreed that the name of the Policyholder is amended to include:

**WEBSTER FOUNDRY CORPORATION**

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| 1/1/77 | at the hour specified in the policy. | OK 3464 |

**Issued to**

Watts Regulator Company and Subsidiary and Affiliated Companies

524-Boston      120639      Marsh & McLennan, Inc.;      MS/enh;      3/11/77

23

_____
**Authorized Agent**

Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

DONALD G. HETH. President

 **LIFE INSURANCE COMPANY OF NORTH AMERICA**

### Rider #5

In consideration of the premium charged it is hereby understood and agreed that with respect to the Description of Eligible Persons, the Class I Description is amended to include union employees of the Policyholder.

It is also understood and agreed that no employer contribution is required to put this coverage into effect.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| July 1, 1975 | at the hour specified in the policy. | OK 3464 |

Issued to

Watts Regulator Co.

Rs/jd, 6-30-75
Marsh & McLennan, Inc., 524-Boston, 120639

Authorized Agent

24

Not valid unless countersigned by a duly authorized agent of the LIFE INSURANCE COMPANY OF NORTH AMERICA

DONALD G. HETH, President



## LIF     SURANCE COMPANY OF NORTH A'   ICA

$\beta$

### Rider #   4

In consideration of the premium charged for this policy, it is hereby understood
and agreed that the Policyholder is amended to include the following subsidiary
effective June 1, 1975:

:)   **Watts Regulator of Canada Ltd.**

ͼ

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | 6-1-75 | at the hour specified in the policy. | Part of Policy No. | OK   3464 |
|---|---|---|---|---|
| Issued to | Watts Regulator Co. | | | |

Jst/cc, 6-5-75
Marsh & McLennan, Inc.   120639   524- Boston

**Authorized Agent**

Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA

25

*Donald S. Heth*

DONALD G. HETH, President



## LIFE SURANCE COMPANY OF NORTH AM ICA

### Rider #3

In consideration of an additional premium of $55.00 it is hereby understood and agreed that Exclusion B relating to Acts of War is deleted as respects the following Named Insured for the period May 18, 1975 through June 2, 1975:

| Name | Coverage A & B |
|------|----------------|
| Robert Tesar | $100,000. |

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| 5-18-75 | at the hour specified in the policy. | OK 3464 |

Issued to

Watts Regulator Company

Jat/jd, 5-12-75
Marsh & McLennan, Inc., 524-Boston, 120639

26

_____
Authorized Agent

Donald S. Noth

Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA



## LIFE INSURANCE COMPANY OF NORTH AMERICA

### Rider #2

In consideration of the premium charged for this policy, it is hereby understood and agreed that Item 2 of Application Form LG 4229 is amended to include the following:

**I.** As respects Employees on Weekly Payroll –

    **A.** Additions of new participants in the plan and changes in amounts of coverage shall become effective on the first day of the Policyholder's Fiscal Month next following completion of the Insured's enrollment card.

    **B.** Terminations of coverage shall be effective on last day of the Policyholder's Fiscal Month following the date the Employee ceases to be eligible or withdraws from the plan.

**II.** As respects Employees on Confidential and Monthly Payroll –

    **A.** Additions, changes and terminations shall be as in I above except they will be effected on the first or the last day of the Calendar Month as applicable.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| **January 1, 1975** | at the hour specified in the policy. | **OK 3464** |
| Issued to | | |
| **Watts Regulator Company** | | |

Marsh & McLennan, Inc.   120639   JST/ms   3/4/75

_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the LIFE INSURANCE COMPANY OF NORTH AMERICA

**27**

DONALD G. HETH, President



# LIFE INSURANCE COMPANY OF NORTH AMERICA

## Rider # 1

In consideration of the premium charged for this policy it is hereby understood and agreed that the following changes are amended to the policy:

1. COVERAGE B – PERMANENT TOTAL DISABILITY – (NOT APPLICABLE TO DEPENDENTS): After one year of "continuous total disability", and if the insured is then "permanently and totally disabled" the Company will pay a Permanent Total Disability Benefit equal to the difference between the Principal Sum and any payments made under Coverage A on account of such injuries.

"Continuous total disability", which must result from such injuries and commence within 180 days after the date of accident, means the Insured's complete inability during the first year thereof to perform every duty of his occupation.
"Permanently and totally disabled", means the insured's complete inability, after one year of continuous total disability as defined above, to engage in an occupation or employment for which the Insured is fitted by reason of education, training or experience for the remainder of his life.

2. Eligibility as respects a Class I Person shall not commence until the employee has completed the Policyholder's established employment probationary period where applicable.

3. The Policyholder's responsibility under this contract shall be to collect premium via payroll deduction and remit premiums to the Company, issue certificates, maintain a list of Insureds, and to assist the Company in securing appropriate documents in the event of a claim. The Policyholder shall not be required to make premium contributions from corporate funds.

---

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| 1/1/75 | at the hour specified in the policy. | OK 3464 |

Issued to

Watts Regulator Company

JST/ld, 12/17/74
Marsh & McLennan, Inc.   120639   524-Boston

**Authorized Agent**

28

*Charles K. Cox*
President

Not valid unless countersigned by a duly authorized agent of the
LIFE INSURANCE COMPANY OF NORTH AMERICA



# Conversion Privilege

In the event that the insurance provided by Plan A of the policy to which this rider is attached (hereinafter referred to as "this policy") should terminate for any of the following reasons:

(a) termination of employment or membership, except mandatory retirement because of age; or

(b) termination of eligibility for any reason, except age or termination of the group or blanket policy or plan;

the insured shall, subject to the conditions hereinafter stated, be entitled to have issued to him, without evidence of insurability, a policy of insurance (hereinafter referred to as "the converted policy") by making written application therefor within 31 days after such termination of insurance and by paying the first premium applicable to the class of risk to which the insured belongs, to the insured's attained age, and to the form and amount of insurance provided. The converted policy shall take effect on the date of such termination of insurance or on the date of application for the converted policy, whichever is later.

The converted policy shall provide indemnity for accidental death and dismemberment in an amount not to exceed the amount of Plan A insurance applicable to the insured.

The converted policy may provide that it shall be renewable on any anniversary with the consent of the Company subject to a maximum age limit.

The converted policy may exclude any condition or hazard applicable to the insured at the time of termination of previous insurance under this policy. Any benefit otherwise payable under the converted policy shall be reduced by the amount of any such benefit payable under this policy after the termination of such insurance.

If the converted policy made available hereunder

in the jurisdiction where this policy was issued cannot be lawfully issued to an applicant for conversion under the applicable laws and regulations of (1) the jurisdiction where application for conversion is made, or (2) the jurisdiction where he resides when his application for conversion is made, then he shall have the option of converting to a policy on such other form as the Company is then offering for conversion of insurance hereunder in the jurisdiction where he resides.

Coverage for dependents, if any, may be converted on the same basis if the covered dependent ceases to be eligible for any reason other than age.

Unless prohibited by statute or regulation in the state having jurisdiction, absolute assignment of all rights, privileges and interests under this policy, including the right to apply for such conversion, is hereby expressly permitted.

### DEFINITION OF PRINCIPAL SUM

"Principal Sum" as used herein shall mean the total amount of accidental death insurance applicable to the person insured under either or both of the following plans:

*Plan A*—the stated amount of Principal Sum or $100,000, whichever is less.

*Plan B*—the amount of Principal Sum in excess of Plan A, if any.

### ELIGIBILITY PROVISION

If an individual policy providing accidental death insurance converted by a person from any previous group, blanket or franchise accidental death insurance under this policy remains in force at the time such person would otherwise become eligible for any group, blanket or franchise accidental death insurance under this policy, such eligibility shall be deferred until such person shall furnish, without expense to the Company, evidence of insurability satisfactory to the Company.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, provisions or limitations of this policy other than as above stated.

LIFE INSURANCE COMPANY OF NORTH AMERICA

*President*

**29**

## SCHEDULE OF INSUREDS

me of Organization:     Watts Regulator Company                    Policy No:  OK 3464

| Cert. # | Name of Insured | Principal Sum | Coverage Effective | Coverage Terminated |
|---------|-----------------|---------------|--------------------|--------------------|

As per list on file with the Policyholder

**30**

## DESCRIPTION OF COVERAGE

**Coverage A—Loss of Life, Limb or Sight Indemnity:**

If such injuries shall result in any one of the following specific losses within one year from the date of accident, the Company will pay the benefit specified as applicable thereto, based upon the Principal Sum stated in the Policy Schedule; provided, however, that not more than one (the largest) of such benefits shall be paid with respect to injuries resulting from one accident.

Loss of life .................................................................................The Principal Sum
Loss of two or more members ...................................................................The Principal Sum
Loss of one member ................................................................One-Half The Principal Sum
Loss of thumb and index finger of the same hand ...........................One-Quarter The Principal Sum

"Member" means hand, foot or eye. "Loss" means, with regard to hand or foot, actual severance through or above the wrist or ankle joints; with regard to eye, entire and irrecoverable loss of sight; with regard to thumb and index finger, actual severance through or above metacarpophalangeal joints (in South Carolina, loss of four fingers entire of one hand shall constitute the loss of one hand).

**Coverage B—Permanent Total Disability—(Not Applicable to Dependents):**

After one year of "continuous total disability", and if the insured is then "permanently and totally disabled" the Company will pay a Permanent Total Disability Benefit equal to the difference between the Principal Sum and any payments made under Coverage A on account of such injuries.

"Continuous total disability", which must result from such injuries and commence within 30 days after the date of accident, means the insured's complete inability during the first year thereof to perform every duty of his occupation. "Permanently and totally disabled", means the insured's complete inability, after one year of continuous total disability as defined above, to engage in an occupation or employment for which the insured is fitted by reason of education, training or experience for the remainder of his life.

## PROVISIONS

### Attached to and forming a part of policy form LG-4219

**Entire Contract; Changes:** This policy, including the Organization's application, endorsements and the attached papers, if any, constitutes the entire contract of insurance. No change in this policy shall be valid until approved by an executive officer of the Company and unless such approval be endorsed hereon or attached hereto. No agent has authority to change this policy or to waive any of its provisions.

**Notice of Claim:** Written notice of claim must be given to the Company within thirty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the Insured or the beneficiary to the Company at Philadelphia, Pennsylvania, or to any authorized agent of the Company, with information sufficient to identify the Insured, shall be deemed notice to the Company.

**Claim Forms:** The Company, upon receipt of a notice of claim, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not furnished within fifteen days after the giving of such notice the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting, within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, the character and the extent of the loss for which claim is made.

**Proofs of Loss:** Written proof of loss must be furnished to the Company at its said office within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

**Time of Payment of Claims:** Indemnities payable under this policy will be paid immediately upon receipt of due written proof of such loss.

**Payment of Claims:** Indemnity for accidental loss of life will be payable in a lump sum to the beneficiary of record. If the Insured has made prior written election, the amount due, or such portion thereof as may have been requested by the Insured in lieu of a lump sum payment, will be paid in a fixed number of monthly installments as selected by the Insured according to the table set forth below. If the Insured has not elected any such mode of settlement, the beneficiary, after the death of the Insured, may elect in writing that all or any part of the amount payable be paid in a fixed number of monthly installments as selected by the beneficiary according to said table, with the remainder, if any, paid in a lump sum. Any lump sum payment will be made immediately upon receipt at the Home Office of the required proofs of claim. Where installment payments are

elected, the first installment will be paid immediately upon receipt of such proofs.

|  | Number of years during which monthly installments will be paid | Amount of each monthly installment payment $10,000 Principal Sum |
|---|---|---|
| **PAYMENTS FOR** | 3 | $288.00 |
| **ACCIDENTAL LOSS OF** | 5 | 177.00 |
| **LIFE INDEMNITY** | 10 | 94.00 |

The amount of each monthly installment for Principal Sum other than $10,000 will be in proportion to the above amounts, but may in no case be less than $90.

If, at the death of the Insured, there is no surviving beneficiary, the accidental loss of life indemnity shall be payable in one sum to the first surviving class of the following classes of beneficiaries, otherwise to the estate of the Insured: wife, husband, child or children, father, mother, brothers or sisters.

If the Insured has elected monthly installment payments and the beneficiary shall die before the payment of all the monthly installments to which entitled, the commuted value of any remaining monthly installments, at the rate of interest used to determine such installments, will be paid in one sum to the estate of the deceased beneficiary, unless the Insured has designated otherwise. The amounts payable in accordance with the above table are based upon interest at the rate of two and one-half per cent (2½ %) per annum.

Upon any Anniversary Date of this policy the Company may substitute for the above table a comparable table based upon a different rate of interest, which in no case be less than 2½ %, but such new table shall not be applicable to any claim resulting from an accident which occurred prior to the date of such substitution.

All other indemnities will be payable to the Insured.

**Physical Examinations:** The Company at its own expense shall have the right and opportunity to examine the person of the Insured when and as often as it may reasonably require during the pendency of a claim hereunder.

**Legal Actions:** No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years (or the minimum time, if more than three years, permitted by law in the State where the Insured resides) after the time written proof of loss is required to be furnished.

LG-4221 (Mass., Miss.)

Change of Beneficiary: The right to change of beneficiary is reserved to the Insured and the consent of the beneficiary or beneficiaries shall not be requisite to any change in beneficiary.

Policy Termination by the Organization or the Company: This policy may be terminated by the Organization on the first anniversary date, or at any time thereafter, by mailing or delivering to the Company at its Home Office, Philadelphia, Pennsylvania, written notice of such termination, effective on receipt or on such later date as may be specified in such notice. In the event of such termination at a date other than the anniversary date, the earned premium shall be computed, and the Company will return promptly the unearned portion of any premium paid.

This policy may be terminated by the Company as of any anniversary date by mailing or delivering to the Organization, at the last address shown on the records of the Company written notice stating when, not less

than 31 days thereafter, such termination shall be effective.

Conformity With State Statutes: Any provision of this policy which, on its effective date, is in conflict with the statutes of the state in which the Insured resides on such date is hereby amended to conform to the minimum requirements of such statutes. This policy is not in lieu of and does not affect any requirements for coverage by Workmen's Compensation Insurance.

Certificates of Insurance: The Company will issue to the Organization, for delivery to the persons insured hereunder, certificates of insurance containing the principal terms of the policy and the Organization shall maintain a complete record of such persons.

Examination of Records: The Company shall be permitted to examine the Organization's records relating to this policy at any reasonable time, and from time to time until two years after the expiration of this policy or until final adjustment and settlement of all claims hereunder, whichever is the later.

IN WITNESS WHEREOF, the LIFE INSURANCE COMPANY OF NORTH AMERICA has caused this policy to be signed by its President and Secretary in the City of Philadelphia, Pennsylvania, but said policy shall not be binding upon the Company unless countersigned by a duly authorized representative of the Company.

Countersigned: Licensed Resident Agent                    _Secretary_              _President_